Dear Mr. Nilges:
This letter is in response to your question asking:
 Would a volunteer firefighter job be considered `lucrative' if what he receives for doing this job consists of the following:
 1. turnout equipment 2. uniforms 3. workmen's compensation 4. $10 per month expense money which the firefighters have voted to return to the district for new equipment.
You also state that you ask this question because of the use of the term "lucrative" in § 321.015, RSMo, which provides:
 No person holding any lucrative office or employment under this state, or any political subdivision thereof as defined in section 70.120, RSMo, shall hold the office of fire protection district director under this chapter. When any fire protection district director accepts any office or employment under this state or any political subdivision thereof, his office shall thereby be vacated and he shall thereafter perform no duty and receive no salary or expenses as fire protection district director. This section shall not apply to members of the organized militia, of the reserve corps, public school employees and notaries public. The term `lucrative office or employment' does not include receiving retirement benefits for service rendered to a fire protection district, the state or any political subdivision thereof. (Emphasis added)
It is our understanding that the word "lucrative" means "yielding gain or profit; profitable; bearing or yielding a revenue or salary." Black's Law Dictionary 855 (5th ed. 1979).
We do not know precisely what you refer to when you speak of "turnout equipment." We assume that such equipment is firefighting equipment, the title to which remains in the fire district or if it does not remain in the fire district has no other value to the volunteer firemen.
We assume that the uniforms so furnished are of use only in the performance of such duties and have no remaining value after services are terminated.
It is our view that the furnishing of workmen's compensation does not result in the employment being "lucrative" because the purpose of workmen's compensation is to compensate the employee for his loss and not to reward him for his services. Benefits provided under workmen's compensation are not reparations for injury as such, but for loss of earning power and disability from work and, in the public interest, are intended to ameliorate losses suffered by a workman and his dependents during his disability. Todd v.Goostree, 493 S.W.2d 411 (Mo.App. KCD 1973).
You have not indicated whether the $10 expense allowance is in excess of the expenses actually incurred. We assume that the expenses are equal to or greater than the allowance. If the expenses are less than the allowance, the amount of the expense allowance over the actual expenses incurred constitutes profit or compensation and the fact that the individual donated such profit or compensation to the fire district or to a worthy cause would not change its character.
With these assumptions in mind, we do not believe that any of the items you mentioned in the four categories would constitute salary, compensation, or profit so as to make the position "lucrative."
You have not provided us with a specific fact situation, and therefore, we do not determine whether there is any common law conflict of interest.
Very truly yours,
 JOHN ASHCROFT Attorney General